*YAGER, ADM'R. v. GREISS ET AL.

1. QUESTIONS COMMON PLEAS MAY REVIEW, ON ERROR.

Whether a judgment of a justice of the peace is sustained by the weight of the evidence, is a question which cannot be reviewed on error by the court of common pleas—but the question whether there was *any* evidence offered, on a point essential to be shown by the plaintiff to obtain the judgment may be.

2. PROOF REQUIRED IN AN ACTION AGAINST AN ADMINISTRATOR.

In an action against an administrator of an estate on an account alleged to be due from his intestate, it is essential to prove a presentation of such claim to the administrator, and its rejection, or what is equivalent thereto, by him; or to show some other reason why the administrator is liable to be sued, notwithstanding the provisions of section 6113, Revised Statutes.

3. HOW REJECTION OF A CLAIM MAY BE PROVEN.

In such an action, where it was sought to show a rejection of the claim, and the evidence of the plaintiff tended to show a presentation of the claim to the administrator, and its retention by him for examination, and that it was afterwards returned with no indorsement thereon, and no verbal message, but accompanied with a letter in relation thereto, which a witness for plaintiff stated was a rejection of the claim, and the defendant was not allowed to cross-examine such witness as to such letter, or to introduce it in evidence on his cross-examination, or afterwards when he came to the introduction of his own evidence, such action of the court was erroneous.

---

*This case was followed by the circuit court in Morgan v. Bartlett, *post.*

ERROR to the Court of Common Pleas of Hamilton county.

SMITH, J.

The error assigned is, that the court of common pleas affirmed the judgment of Lowry, a justice of the peace, in which Greiss and others, plaintiffs below, recovered a judgment against Yager, as administrator of the estate of Adams.

It was assigned as one of the errors in the common pleas, that the justice of the peace had refused to grant the administrator a new trial on the ground that the judgment was against the weight of the evidence; and from the fact that we have a stenographic report of the evidence—not only that offered on behalf of the plaintiffs below, but also that of the defendant—it is evident that the counsel for the plaintiff in error has proceeded upon the idea, that the judgment of a justice of the peace in an action of this kind, may be reviewed by the court of common pleas on this ground—viz : That it was against the weight of the evidence, and that a new trial, on this ground, should have been granted on the motion filed. As a result of this opinion, we have by far the longest bill of exceptions I have ever known to be taken before a justice of the peace, the cost of recording which, and of making a certified transcript of it, is over $40.

As we understand it, there is no warrant of law for any such practice. In the first place, when a justice of the peace tries a case with the aid of a jury, he *may* set aside a verdict rendered by the jury, on the ground that it was "obtained by fraud, partiality or undue means." (Section 6560, Revised Statutes.) But we are not aware of any statutory provision for the filing of a motion for a new trial where the case is heard by the magistrate alone. And there surely is nothing that allows it to be done upon the ground that the judgment is against the weight of the evidence, so as by bill of exceptions to get all the evidence upon the record, that the correctness of the judgment of the magistrate may be reviewed.

Section 6565, Revised Statutes, and the decisions made under it, seem to settle the question. The section in question gives a right to either party to except to the opinion of the justice upon *any question of law*, arising during the trial of the case; and the case of Leonard v. City, 26 O. S., 447, construing it, holds substantially that there is in it, no authority to have a bill of exceptions on the question of the weight of evidence, and that such a bill cannot be considered by a reviewing court.

This being so, it is clear that much the greater part of this voluminous bill of exceptions was improperly taken and allowed, and the expense of that portion of it ought not be included in the cost bill. If we are to have the practice of having stenographers in a justice's court, thus adding enormously to the costs of litigation, in my judgment the evil will become unendurable.

But there are, as already suggested, statutory provisions for bills of exceptions before justices of the peace on legal questions, and several such questions are raised on this bill. And it is urged by counsel for plaintiff in error, that the justice of the peace erred in refusing to sustain the motion made by him, at the close of the evidence in chief for plaintiffs below, for a judgment in his favor on such evidence; and second, that the justice of the peace erred in admitting and rejecting evidence.

The case of Kauffman v. Broughton, 31 O. S., 424, holds that a bill of exceptions may be taken to bring upon the record the fact that *no* evidence was offered on a point which it was necessary to establish, to obtain the judgment.

Was such the case here ? The claim of the plaintiffs below against the Adams estate, as shown by their evidence in chief, as set out in the bill of exceptions, was substantially this : They originally had an account against the Globe Carriage Works of Cincinnati, an insolvent partnership, in which Adams was a secret partner. On the failure of the firm, and the making of an assignment by it, a negotiation was set on foot for the compromise of the claims against it, which was effected with plaintiffs and the other creditors, by which a dividend of $42\frac{1}{2}$ per cent. was paid on their claims, and they taken up and assigned to the

trustees of Adams, who was not known to be a partner, and supposed only to be a creditor, and seeking to aid the old partnership, and save his own claim.

Adams was entirely able to pay off the whole debt, and, of course, he was liable for the whole of it. And after his death, and the discovery of the fact that he had been a partner, and so liable, suit was brought by plaintiffs below against his estate, on the original accounts, credited with the 42½ per cent. paid upon it.

Here was shown a state of the case, on the face of it, which in all justice and equity would entitle the plaintiffs below to recover from the Adams estate, the balance due on the accounts. The idea, that being liable for the whole debt, he could conceal this liability, and by some scheme buy in the claims at a discount, and be absolved from further liability, is one not readily to be tolerated.

But in addition to showing this state of fact, plaintiffs below were bound to show that these accounts had been presented to the administrator and rejected by him.

An issue was made as to this point also.

The evidence offered on behalf of the plaintiffs below, showed that these, with other accounts of a similar character, had been sent by the attorney for plaintiffs, by a messenger, to the administrator of Adams' estate, with a written receipt prepared for him to sign, receipting for them as claims against the estate, and that on these being handed to him, the administrator desired to consult his attorney about the matter, and that they were left with him to show to his attorney. That afterwards Mr. Williams, the attorney for claimants, found all of the claims upon his desk, with the receipt which had accompanied them, not signed, together with a letter from the administrator, which Mr. Williams testified he thought was a rejection. The letter itself was not introduced in evidence.

This was substantially all the evidence in chief on the part of the plaintiffs below, and in our judgment it tended to prove what all these plaintiffs were bound to prove; that is, first, the debt against the original firm on these accounts; secondly, Adams' liability for them, and his buying them up at a discount, without the knowledge of plaintiffs of his liability, and third, the presentation of the accounts to the administrator and their rejection by him. We think, therefore, the motion was properly overruled.

2. Was there error in the ruling of the justice as to the admission of evidence? The principal question presented on this point is as to the admissibility in evidence of the letter of the administrator sent by him to Mr. Williams, attorney for plaintiffs below, returning the claims without his allowance indorsed thereon.

It was distinctly disclosed in the evidence of the plaintiff in error that such a letter had been sent, in answer to the demand of Mr. Williams. And there was much controversy between counsel at the trial below as to its admissibility—the attorney for the administrator desiring that it be introduced, evidently for the purpose of showing that it did not contain a rejection of the claim, and, for some reason the attorney of the plaintiffs below objecting thereto—the first claim of the latter being, that it could not properly be introduced as a part of the cross-examination of plaintiffs' witnesses; but that the administrator, if authorized to have it in evidence at any time, must wait until he came to the presentation of his own evidence. This view being sustained by the magistrate, the defendant below was not allowed to cross-examine Mr. Williams as to its contents, or put in the letter itself, which had been furnished to him, though, as before stated, Mr. Williams had testified that the letter was a rejection of the claim.

After the plaintiffs below rested, the defendant again produced the letter, and offered it in evidence; but the justice, for what reason I know not, refused to receive it. To these rulings proper exceptions are taken, and a copy of the letter is attached to the bill. It seems to apply to the whole list furnished, and to contain no express rejection of the accounts; but objects that in some cases the affidavits alleged that they are for goods sold and delivered, but fail to state what

goods, when sold, and at what prices charged, or whether the debt is an account, or is evidenced by note or otherwise. And he declines to act on the presentation of such claims until satisfactory vouchers in support thereof, if any exist, are furnished.

We think there was error in these rulings. It was necessary (as has been stated) for the plaintiffs below, to entitle them to recover, that they should show a presentation of the accounts to the administrator, and a rejection of them by him, or that he should show some other reason, making the administrator liable to the suit, notwithstanding the provisions of section 6113, Revised Statutes. See 12 O. S., 254 ; 36 O. S., 456.

Plaintiffs below had undertaken to prove this rejection by showing a presentation, and a return of the claims without an approval. They did show that these claims had been returned to Mr. Williams, their attorney, by the administrator with no verbal message, but accompanied with an answer in writing, relating to the allowance of the claims. If an interview had been had between the parties, in which something had been said on the subject of the allowance of the claims, *everything* that had passed between them at the same time on the same subject was clearly admissible. So if the claims were returned with a letter allowing or rejectin g them, if you show the return of the claims as raising an implication of their rejection, the letter itself must be admissible on behalf of the administrator to show what the fact was.

Clearly it is the important and material fact to be shown on this point. Did the administrator reject the claims? We are unable to see any reason for the rejection of the evidence. The only possible suggestion we can see against it is, that it would be proving an act of the administrator himself. But this it is entirely competent to do—for it is an act, or a writing addressed to his adversary. Admit that this letter contained an express allowance of the claims—could it not be shown? Is it only to be used by the party to whom it is addressed, in case a controversy afterwards arises between them? Such cannot be the case. A notice, or other paper, written by one party to an action to another, if material, can afterwards be used by either.

The evidence was admissible on the doctrine of *res gestæ*, as constituting a material part of the transaction itself, and as being therefore a proper and legitimate subject of examination, when the letter itself was shown by plaintiffs below to have been received, and to some extent the contents given.

Thus, in Martin v. Elden, 32 O. S., 282, the Supreme Court states the rule thus: "A witness may be cross-examined as to his examination in chief, in all its bearings, and as to whatever goes to explain or modify what he has stated in his examination in chief. The right to cross-examine, extends *in any view*, to all matters connected with the *res gestæ*."

And it is further stated in the opinion, that it is "the clear right of a party to cross-examine to elicit suppressed facts, which weaken or qualify the case of the party examining in chief, or support the case of the cross-examining party."

Independently then of the fact, that we think the letter itself was admissible as an independent item of evidence, on the part of the defendant below under the circumstances disclosed, we are also of the opinion that the defendant below, was authorized on cross-examination to show the same thing, and because of the action of the justice of the peace in these respects the judgment must be reversed.

Other errors, we believe, were alleged; but in view of the fact that a new trial will result in a court in which, if necessary, new parties can be made, we do not deem it necessary to dispose of the only additional one argued.

Messrs. Kebler & Wilby, for plaintiff in error.

Judge D. T. Wright, for defendant in error.